**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Case No.

ASWINRAJ MANOHAR,

         **Plaintiff,**

v.

SUGAR FOOD LLC d/b/a Jai Ho,
SUGAR BHAVAN LLC d/b/a Jai Ho Boulder,
SUGAR DOSA LLC d/b/a Jai Ho Park Meadows,
SATHYA NARAYA, an individual, and
SUJATHA NARAYAN, an individual,

         **Defendants.**

---

## COMPLAINT

---

## INTRODUCTION

1. Plaintiff Aswinraj Manohar, worked as a server, cashier, and general front of the house worker for several of Defendants' restaurants for approximately three years. During this time, Defendants paid Plaintiff a flat salary regardless of the number of hours he worked and failed to pay Plaintiff anything for hour worked over forty in a workweek or twelve in a day. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Sugar Food LLC d/b/a Jai Ho, Sugar Bhavan LLC d/b/a Jai Ho Boulder, Sugar Dosa LLC d/b/a Jai Ho Park Meadows, Sathya Narayan, and Sujatha Narayan, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the Colorado Wage Claim Act, §8-4-101, *et seq.* (hereinafter "CWA") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

by the Colorado Minimum Wage Order (the "Minimum Wage Order").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' restaurant located at 9234 Park Meadows Dr. Unit 700, Lone Tree, CO and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant Sugar Food LLC d/b/a Jai Ho

5. Defendant **Sugar Food LLC d/b/a Jai Ho** (hereinafter "Jai Ho") is a domestic corporation doing business within the County of Douglas, and whose principal place of business is located at 10297 Greatwood Pointe, Highlands Ranch, CO 80126. Its registered agent is listed with the Colorado Department of State as Sujatha Narayan with the same address.

6. At all relevant times, Defendant Jai Ho had annual gross revenues in excess of $500,000.

7. At all relevant times, Defendant Jai Ho was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. At all times material to this action, Defendant Jai Ho was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

9. At all relevant times, Defendants' business activities were related and performed through

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Manohar v. Sugar Food LLC, et al*
USDC, District of Colorado

Complaint
Page 2

unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

### Defendant Sugar Bhavan LLC d/b/a Jai Ho Bolder

10. Defendant **Sugar Bhavan LLC d/b/a Jai Ho Bolder** (hereinafter "Jai Ho Bolder") is a domestic corporation doing business within the County of Boulder, and whose principal place of business is located at 1915 28th Street, Boulder, Colorado 80301. Its registered agent is listed with the Colorado Department of State as Sujatha Narayan with the same address.

11. At all relevant times, Defendant Jai Ho Bolder had annual gross revenues in excess of $500,000.

12. At all relevant times, Defendant Jai Ho Bolder was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. At all times material to this action, Defendant Jai Ho Bolder was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

14. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

### Defendant Sugar Dosa LLC d/b/a Jai Ho Park Meadows

1. Defendant **Sugar Dosa LLC d/b/a Jai Ho Park Meadows** (hereinafter "Jai Ho Park Meadows") is a domestic corporation doing business within the County of Douglas, and whose principal place of business is located at 9234 Park Meadows Dr. Unit 700, Lone

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

Tree, CO. Its registered agent is listed with the Colorado Department of State as Sathya Narayan with an address of 10297 Greatwood Pointe, Highlands Ranch, CO 80126.

2. Jai Ho Park Meadows also does business under the trade name "Khazana."

3. At all relevant times, Defendant Jai Ho Park Meadows had annual gross revenues in excess of $500,000.

4. At all relevant times, Defendant Jai Ho Park Meadows was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

5. At all times material to this action, Defendant Jai Ho Park Meadows was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

6. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

**Defendant Sathya Narayan and Sujatha Narayan**

15. Defendants Sathya Narayan and Sujatha Narayan, individuals, resides in Denver County, upon information and belief.

16. Defendants Sathya Narayan and Sujath Narayan (hereinafter collectively as the "Narayan Defendants") are husband and wife, upon information and belief.

17. At all times material to this action, the Narayan Defendants actively participated in the business of the corporation.

18. At all times material to this action, the Narayan Defendants exercised substantial control over the functions of the company's employees including Plaintiff. They had the ability to, and did in fact, hire and fire employees, set rates of pay, and set employee schedules.

*Manohar v. Sugar Food LLC, et al*
USDC, District of Colorado

Complaint
Page 4

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

19. At all times material to this action, the Narayan Defendants were "employers" of Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Aswinraj Manohar**

20. Plaintiff Aswinraj Manohar is a resident of Boulder, Colorado, which is in Boulder County.

21. At all times material to this action, Plaintiff Manohar was an "employee" within the meaning of 29 U.S.C. § 203(e).

## FACTUAL BACKGROUND

22. Plaintiff Aswinraj Manohar worked for Defendants as a server, cashier, and general front of the house worker from approximately June 2012 to November 15, 2015.

23. Plaintiff worked at several of Defendants' restaurants throughout Colorado including those located in Aurora, Park Meadows, and Boulder.

24. While working in this position, Defendants' customers regularly left tips and/or gratuities for Plaintiff.

25. Defendants retained all of those gratuities.

26. While in this position, Plaintiff Manohar's pay scheme was salary.

27. Plaintiff Manohar's rate of pay was $600 per week for approximately one year. Thereafter, his rate of pay was $700 per week.

28. While working in this capacity, Plaintiff Manohar was not expected to record his time worked.

29. Defendants generally scheduled Plaintiff Manohar to work the following shifts: Monday and Wednesday through Sunday from 9:30 a.m. to 11:00 p.m.

30. Plaintiff Manohar generally did not get a bone fide meal break.

31. Manohar estimates that generally he worked approximately 81 hours per week.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

32. Plaintiff Manohar was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek or over 12 hours in a day.

33. For approximately seven weeks before hand, Defendants entirely failed to pay Plaintiff any wages whatsoever.

34. Upon his separation, Defendants failed to pay Plaintiff all then due and owing wages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

36. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

37. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

### *Improper Tip Pooling Practices*

38. Defendants demanded or accepted all tips and/or gratuities received by or on behalf of the Plaintiff.

39. Due to this conduct, Defendants abnegated any entitlement to a tip credit.

### *Late Payments*

40. On at least some occasions, Plaintiff did not receive his paychecks on the prescribed paydays.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

41. Because Defendants failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

42. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

43. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

44. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

45. As a result of Defendants violations of the FLSA, Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**
**(CORPORATE DEFENDANTS ONLY)**

46. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

47. Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Manohar v. Sugar Food LLC, et al*
USDC, District of Colorado

Complaint
Page 7

C.C.R. 1103-1(2).

    a. Defendants employed the Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good, real estate, wares, or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A);

    b. Defendants employed the Plaintiff in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

48. Plaintiff was Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Minimum Wage***
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

49. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

50. Specifically, as a result of paying Plaintiff a flat salary regardless of the number of hours her worked, Defendants paid Plaintiff at a rate of $0.00 per hour for all hours worked over forty in a workweek or beyond twelve in a workday.

51. The minimum wage rate effective January 1, 2016 is $8.31 per hour.

52. The minimum wage rate effective January 1, 2015 was $8.23 per hour.

53. The minimum wage rate effective January 1, 2014 was $8.00 per hour.

54. The minimum wage rate effective January 1, 2013 was $7.78 per hour.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

55. Plaintiff worked more than 12 hours at least some days.

56. Plaintiff worked more than 40 hours at least some workweeks.

57. Defendants did not pay Plaintiff overtime premiums for hours worked over 40 in each workweek or 12 hours in any given day.

58. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

59. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

60. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

61. For any and all time worked by all Plaintiff, or to be credited to Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

*Failure to Pay Wages*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

62. Defendants failed to pay Plaintiff for approximately seven weeks prior to his separation.

63. Defendants failed to pay Plaintiff all wages due and owing upon his separation.

*Improper Deductions*
**(Violation of the C.R.S. § 8-4-105)**

64. Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

65. Specifically, Defendants made deductions to Plaintiff's wages for alleged till shortages.

### *Improper Payment of Tips*
**(Violation of the C.R.S. § 8-4-103(6); Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1(10))**

66. Defendants denied Plaintiff the presents, tips, or gratuities intended for him.

67. As stated above, Defendants retained all tips and/or gratuities intended for Plaintiff.

### *Willful Failure to Respond to Wage Demand*
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

68. Plaintiff, through the Colorado Department of Labor, sent Defendants a wage demand letter pursuant to C.R.S. § 8-4-109 within 60 days of his separation from employment.

69. In that Colorado Wage Demand letter, Plaintiff demanded $4,775.00 in unpaid wages.

70. Defendants did not respond to Plaintiff's demand at all.

71. More than 14 days have passed since Defendants received Plaintiff's wage demand letter and no wages have been tendered.

72. Therefore, the Defendants are liable to Plaintiff for an additional 125% of the $4,775 demanded, for a subtotal of $5,968.75 in wage demand penalties.

73. Further, Defendant's failure to pay was willful. Defendant's conduct includes entirely failing to respond to the Colorado Department of Labor's demand on behalf of Plaintiff. Therefore, the penalty shall increase by an additional 50, for a subtotal of 2,984.38, bringing the total of wage demand penalties to $8,953.13.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

74. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

75. Defendants did not pay Plaintiff for all of his time worked under Colorado law because

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(8).

### *Late Payments*
**(Violation of the CMWWA, C.R.S. §§ 8-4-103)**

76. Defendants did not pay Plaintiff all wages and compensation on regular pay periods of no more than the greater of one calendar month or thirty days, with paydays no later than 10 days after the close of the pay period, and the Plaintiff and Defendants did not mutually agree on any other alternative period of wage or salary payments.

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

77. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    c. name, address, social security number, occupation and date of hire

    d. date of birth, if the employee is under eighteen (18) years of age

    e. daily record of all hours worked

    f. record of allowable credits and declared tips

    g. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

78. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

### *Damages*

79. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages he is owed

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws;

(B)   Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)   Award Plaintiff penalties pursuant to Colorado Wage Act, C.R.S. §§ 8-4-109, 110

(D)   Award Plaintiff interest;

(E)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)   Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **29th** day of **September, 2016.**

ANDERSONDODSON, P.C.

**Penn A. Dodson**
*penn@andersondodson.com*
Attorney for Plaintiff

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.

**Alexander L. Gastman**
*alex@andersondodson.com*
Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com