**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No 16-cv-02454 - NYW

ASWINRAJ MANOHAR,
PACKIARAJ VEERAN,

Plaintiffs,

v.

SUGAR FOODS, LLC dba Jai Ho;
SUGAR BHAVAN, LLC dba Jai Ho Boulder;
SUGAR DOSA, LLC dba Jai Park Meadows;
SATHYA NARAYAN;
SUJATHA NARAYAN.

Defendants.

---

**RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

---

The above captioned Defendants, by counsel, Deisch, Marion & Klaus P.C., for their Response to Plaintiffs' Emergency Motion for Temporary Restraining Order and Other Relief dated March 14, 2017 state as follows:

1. On March 14, 2017, Plaintiffs filed their Emergency Motion for Temporary Restraining Order and Other Relief without conferring with counsel beforehand. Defendants acknowledge that the allegations in the Emergency Motion are of a serious nature. At the same time, the Defendants deny the allegations and question the evidence and motive regarding such allegations.

2. The Court set a Motion Hearing in this case for March 21, 2017. Defendants requested that the Motion Hearing be rescheduled, because Defendants and counsel will be out of the country on March 21, 2017. A rescheduled Hearing has been set for April 4, 2017.

**Factual Allegations**.

3. Plaintiffs' Emergency Motion is based on three unsworn "Declarations" which refer to activities as far back a November of 2016. Moreover, the unsworn declarations make generous hearsay references to unnamed witnesses. By such motion, Plaintiff is seeking a temporary restraining order and other summary relief on an expedited basis.

A. The Declaration of Aswinraj Manohar, paragraph 3, first refers to events that allegedly occurred on November 28, 2016, over three months ago, and whereby an unnamed "technician and/or mechanic"[1] contacted him and allegedly threaten him regarding his immigration status. This allegation is based on hearsay allegations attributed to that unnamed source. Plaintiffs attempt to shroud this hearsay in a cloak of secrecy by claiming that the individual might be fearful of retaliation from the Defendants. Defendants deny that any threats about immigration were made by anyone on the Defendants behalf. Indeed, Defendants suspect that #1 is Rich Ertle, who was a vendor of Sugar Bhavan and is well known to both Mr. Manohar and the Defendants. Defendants further suspect that Plaintiffs don't want to reveal the identity of #1 because; they know that Mr. Ertle is well aware of Mr. Manohar's position as the manager of Sugar Bhavan. *See* Exhibit A, Letter of Rick Ertle. Defendants believe that Mr. Ertle may have contacted Mr. Manohar in an effort to settle this matter, but Defendants never authorized Mr. Ertle to make representations or threats about immigration to Mr. Manohar or to make any other threats of any kind.

B. Mr. Manohar's Declaration, paragraph 4, next refers to an alleged conversation with Mr. Sathya Narayan, which does not appear, on its face, to be anything more that an attempt

---

1. Plaintiff's Emergency Motion mistakenly refers to this Technician/Mechanic ("#1") as a "co-worker" of Mr. Manohar.

to settle this case. Such conversation would normally be subject to the provisions of F.R.E. Rule 408. Otherwise, **Mr. Manohar's Declaration does not allege anything improper during his conversation with Mr. Narayan's**. It should be noted that this conversation took place before the Defendants were represented by counsel and was actually a *pro se* attempt to settle this case.

C. Next Mr. Manohar alleges, paragraph 5, that he was contacted on November 29, 2016 by another unidentified hearsay witness known in the Motion only as #2. Plaintiff alleges that this individual also made threats about immigration. This is the last date Mr. Manohar alleges that anyone made any threat to him about his immigration status.

D. Mr. Manohar's Declaration, paragraph 6, makes further allegations that on March 1, 2017 he had hearsay conversations with Mr. Nii Okai Aryeetey, a former co-worker. The unsworn Declaration from Mr. Aryeetey is also attached to Plaintiffs' Motion. The first seven paragraphs of Mr. Aryeetey's Declaration deal primarily with issues Mr. Aryeetey allegedly had with Sugar Bhavan regarding his pay. In the remaining paragraphs, Mr. Aryeetey alleges that he was given a statement that said, at least in part, that Mr. Manohar was the manager of Sugar Bhavan. Mr. Aryeetey claims that Mr. Manohar was not the manager but claims that he signed the statement to obtain payment from the Defendants. Whether Mr. Manohar was the manager at Sugar Bhavan or not the manager is a hotly contested issue of fact in this case. Defendants expect to offer evidence and testimony supporting their position that Mr. Manohar was the manager. Until that issue is ripe for a judicial determination, Mr. Manohar's claim (or anyone else's claim) that Mr. Manohar was not the manager remains unresolved.

Defendants agree that it would be improper to bribe or coerce a potential witness to make a false statement or a statement that the witness did not believe to be true. To to the extent the

Defendants contacted anyone to ask if they would be a witness or sign a statement indicating that Mr. Manohar was the manager at Sugar Bhavan would not be improper; because the evidence in this case, including Mr. Manohar's own admissions *See* Exhibit B, Sugar Bhavan 0008-9.[2] , that he was in fact the manager, has not been adjudicated. Defendants deny that they made any improper inducement or bribe to Mr. Aryeetey. Rather Defendants will assert that Mr. Aryaeety contacted them and they merely had Mr. Aryeetey sign a receipt for payment that included additional facts. Defendants will assert that Mr. Aryeetey made no comment or objection at the time, and that Mr. Aryeetey and Mr. Manohar are mischaracterizing the entire interaction.

E. Plaintiffs' Motion also includes an unsworn Declaration purportedly made by Muthulakshmi Veeran (the mother of Plaintiff, Packiaraj Veeran). This unsworn Declaration refers to actions that allegedly took place in India. There are several inconsistencies in this Declaration that call its credibility into question. Defendants deny the events described in the Declaration of Ms. Veeran. This Declaration is also filled with the hearsay statements of unknown and unidentified person. Presumably, the actions alleged would be illegal in India, but there is no indication that anyone contacted the authorities there.

F. Plaintiffs' Motion, without any supporting Declaration, attempts to shift the focus of concern to Sugar Bhavan's counterclaims. Without substantively addressing any of the underlying merits of the counterclaims, Plaintiffs are seeking to convert the counterclaim into an alleged act of intimidation or a threat. The reason for this shift becomes more apparent when the relief Plaintiffs seek by this Motion is examined.

Defendant is entitled to pursue any good faith claim it has. Plaintiff baldly labels the

---

2. According to the Plaintiffs' logic it would also be improper for any party to request a witness testify regarding Mr. Manohar's status as non-managerial or non-exempt.

counterclaims as "baseless." Defendant is entitled to qualified immunity in this regard that the allegations asserted in the context of this action are for the purpose asserting the stated counterclaims. The defect the Plaintiffs assert regarding Sugar Bhavan's counterclaims is procedural; that the counterclaims are permissive and not subject to this Court's jurisdiction.[3]

Sugar Bhavan, is faced with a procedural catch-22 in this regard. Defendant has little choice but to assert its counterclaims here and face a challenge that the counterclaims are permissive before being able to safely assert the counterclaims in State Court. Otherwise, the Defendant, Sugar Bhavan will likely face a further challenge in State court that the counterclaims are actually compulsory and subject to dismissal in State Court. The Defendant needs a determination by this Court. Without such determination, Defendant would otherwise face the risk on inconsistent rulings whereby the State Court will find that the counterclaims are compulsory and should have been included in this Federal Case.

In any event, Defendants strongly object to the inclusion of the counterclaims in this Motion. At this stage of the proceedings Defendants counterclaim deserves the same dignity as the Plaintiffs' claims and should be resolved on the merits of the relevant procedural or substantive issues.

6. Defendants deny engaging in any inappropriate actions and assure the Court they do not condone any improper or illegal action. Defendants seek a fair and reasonable opportunity to meet and address the allegations in the Plaintiff's Motion.

7. Defendants reserve the right to supplement this Response with the Affidavits of Sathya Narayan and Sujatha Narayan. These Affidavits are not available now because, they have already left Colorado.

---

3. Defendants note that on March 16, 2017 the Plaintiffs filed a Motion to Dismiss the counterclaims.

**<u>Plaintiff has not met the Burden for a TRO</u>.**

8. Plaintiff's cite *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10TH Cir. 1980) for the elements necessary to obtain a temporary restraining order. *Lundgrin*, *supra*, dealt with a preliminary injunction not at TRO; however, the elements are virtually the same. When the party opposing the TRO has notice; the process for injunctive relief tracts that of a preliminary injunction. *See Kansas Hosp. Ass'n v. Whiteman*, 835 F.Supp. 1548, 1551 (1993). A preliminary injunction (or TRO) is an extraordinary remedy; accordingly the right to relief must be clear and unequivocal. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)(citation omitted).

Dealing with each element it becomes clear that the Plaintiffs are not entitled to injunctive relief or the other relief claimed.

(1) *There is not a substantial likelihood that the movant will prevail on the merits*: The issues giving rise to this Motion are not the Plaintiffs' various FLSA or Colorado Wage Act claims; but rather, are entirely outside the context of the employment and the underlying FLSA claims. While Plaintiffs characterize such claims as retaliation, that claim alone does not require that the allegations in Plaintiffs Motion be conflated with the FLSA claims actually plead in the Amended Complaint. The pending Motion deals with claims of misconduct supported only by unverified Declarations which refer to patently hearsay statements by unnamed individuals. Such evidence is not reliable for the granting of injunctive relief, and is especially not appropriate for the granting the 'other relief' requested. In this regard, at least one of the declarants, Ms. Veeran, is not available for cross examination. Indeed, the incident in her Declaration is not confirmed by anything

other than her own unsworn declaration. Similarly, none of the unidentified hearsay witnesses are available for evaluation or cross examination.

As noted above, most of the conduct alleged in the Emergency Motion is subject to dispute and subject to completely opposite interpretations. Defendants deny any threats or other improper conduct. Also, Plaintiffs are alleging that what are otherwise seemly proper settlement overtures are improper threats. The final resolution of these factual issues will necessarily require the finder of fact to consider disputed issues of material fact and to consider issues of credibility, such that it is impossible for the Court to find a substantial likelihood that the movant eventually will prevail on the merits in a summary fashion based on written Declarations as presented in here.

To the extent that the alleged conduct constitute purported criminal acts, unless a private right of action exists criminal statutes are normally not enforceable through a civil action. *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir.2007). Similarly, it is unusual for civil courts to enjoin criminal conduct. *See Nat'l Ass'n of Letter Carriers v. Indep. Postal Sys. of Am., Inc.,* 470 F.2d 265, 271 (10th Cir.1972). It would be even more unusual for a U.S. civil court to attempt to enforce India criminal law. As discussed herein, there adequate legal remedies within the Federal Rules of Evidence and by amendment to the claims, for the Plaintiffs to protect legitimate interests.

(2) *The movant will not suffer irreparable injury*: The function of a preliminary injunction (or a TRO) is to preserve the *status quo* pending a final determination of the rights of the parties. *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 781 (10th 1964). It is not clear at all that the *status quo* has changed

because of any of the actions alleged in the Plaintiffs' Motion. It is also difficult to determine what the injury will be if the Plaintiffs merely continue to assert their claims through a determination at trial on the merits.

Defendants assert that if there is any injury at all, *that as alleged*, such injury is not irreparable. To the extent that the Court finds that there has been an injury, Defendants assert that the Plaintiffs may have adequate remedies by asserting separate or new claims as the Plaintiffs have suggested by their request to amend the pleadings. The Court should consider if the movant has an adequate remedy at law before granting equitable relief. *See e.g. N. Nat. Gas Co. v. L.D. Drilling, Inc.*, 759 F. Supp. 2d 1282, 1301–02 (D. Kan. 2010), *aff'd*, 697 F.3d 1259 (10th Cir. 2012)

Again there are multiple issues suggested by the Emergency Motion. With regard to the alleged threats or misconduct, the Plaintiffs have not sufficiently shown any on-going or future conduct to be enjoined. With regard to Sugar Bhavan's counterclaims, Defendants assert it would be inappropriate to bootstrap the pending Motion into a summary review of who will prevail on such counterclaims.

(3) *The threatened injury to the movant does not outweigh whatever damage the proposed injunction may cause the opposing party*: It is unclear what benefit will come from an injunction prohibiting future conduct already prohibited. There is no evidence of any conduct directly between the parties for the past three months. The Defendants are committed to conducting any future settlement negotiations through counsel. In that regard, there is no threatened injury to balance with the proposed injunction.

With regard to the Defendants ability to contact or deal with third parties to this

lawsuit (*albeit* potential witnesses), Defendants first question Plaintiffs standing to assert claims on such persons behalf. To the extent Defendants (hypothetically) engaged in any activity that impacts the credibility of a witness that will play itself out. Plaintiffs' simply have not proven or sufficiently shown any conduct warranting an injunction.

With regard to the conduct alleged to have occurred in India by unknown third parties, too little reliable facts are presented. This issue is, of course, problematic because this allegation is serious and is the most recent. In that regard, it is serious if the allegation has any merit and it is equally serious if these allegations are spurious.

(4) *Any injunction would be adverse to the public interest*: Defendants assert that this element is largely moot because the Plaintiffs' Motion fails on all other elements. To the extent that Plaintiffs seek to impose burdensome restrictions on the Defendants ability to defend this case, the public interest to permitting parties to fully participate in the judicial process is adversely impacted.

9. Fed.R.Civ.P. Rule 65 suggests that a party seeking a TRO set forth specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury. In this case, the Plaintiffs' have not shown facts with the necessary specificity by an affidavit, nor have they shown an immediate or irreparable injury.

**<u>Remedies Sought Are Not Appropriate</u>**

10. The relief sought by the Plaintiffs is inappropriate.

• <u>A permanent restraining order</u>. In part, the Plaintiff is seeking to restrain the Defendants from engaging in actions related to settlement and actions related to the preparation of their defense of Plaintiffs' claims. Defendants assert that no restraining order is appropriate or

necessary. As pointed out above, the actions complained of in the Motion occurred in November 2016, prior to current counsel entering an appearance.

Plaintiff asks the Court to restrain Defendants from action that is already improper or questionable. Defendants deny such actions and Plaintiffs have not offered credible evidence of such improper actions. Defendants assert that an injunction is not necessary.

• Sanction the Defendants. Plaintiffs ask that sanctions be levied. Such request is premature. Plaintiffs go so far as to suggest a default in the case. It is unclear to what extent and for which claims the Plaintiffs are seeking such default. Defendants oppose such relief. Not only has nothing warranting sanctions have been proven, but to enter default against the Defendants is little more than Plaintiffs using the pending Motion as a Trojan Horse to gain an advantage in this action.

Additionally, Plaintiffs ask for Defendants to pay Plaintiffs' attorney fees and costs for the efforts related to investigating these matters and preparing this motion. Defendants assert that the Plaintiffs are not entitled to any attorney fees or costs.

• Grant Plaintiffs permission to amend. The bulk of what the Plaintiffs complain of in their Motion is not currently part of the pleadings. Defendants agree that to the extent Plaintiffs seek to raise additional claims as part of this action, amendment of the pleadings would be the proper procedure to assert such additional claims. Plaintiffs should be required to go through the normal process of seeking any further amendment. Defendants would then be free to deny allegations asserted in any amended claim.

• Prohibit the Defendants from certain evidence. Plaintiffs' Motion does not specify what evidence they seek to prohibit. Inferring from the Motion as a whole, Defendants deduce that

Plaintiff are referring to any statement from Mr. Aryaeety. In this regard, there is no irreparable injury from an attempt by the Defendants to use any alleged statement from Mr. Aryaeety. Defendants assert that the protections of the Federal Rules of Evidence are more than sufficient to assure the Plaintiffs are not injured. Assuming the statement is admissible at all, Mr. Aryaeety can testify as to the circumstances of the statement. In that case, Mr. Aryaeety would be subject to examination by both parties regarding the circumstances of the original statement and the more recent Declaration recanting any earlier statement. Regardless of which statement is offered, it would also appear that Mr. Aryeetey's credibility might also be challenged.

In any event, Defendants oppose a general order prohibiting unspecified evidence. Plaintiff has a plan, effective, and adequate remedy to limit, prohibit, or discredit any evidence by use of the Federal Rules of Evidence.

• <u>Refer the witness tampering issue to a federal prosecutor</u>. This request for relief is highly problematic and inappropriate. First, it itself smacks of threatening criminal prosecution to gain advantage in a civil matter. Defendants assert that Plaintiffs Motion is little more that the Plaintiffs' attempting to 'up the stakes' and intimidate and threaten the Defendants. Plaintiffs have not made a sufficient record to establish a case for witness tampering.

Second, the Defendants assert that it would be inappropriate for this Court to put its endorsement or approval on such a referral. While the Defendants would highly discourage any party in this matter from creating side-show to this action, the Plaintiffs can contact the appropriate authorities on their own. It is unfortunate that this matter has become so contentious. It is apparent that all parties feel strongly about the issues. The Court's referral of this matter for some kind of criminal investigation will further destroy the progress the parties have made to

focus on the underlying merits of this case and will only exacerbate any mutual animosity that may already exist.

WHEREFORE, Defendants, Sugar Foods, LLC, Sugar Bhavan, LLC, Sugar Dosa, LLC, Sathya Narayan, and Sujatha Narayan request this Court enter an order denying Plaintiff's Emergency Motion and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated this 17TH day of March 2017.

DEISCH, MARION & KLAUS, P.C.

*/s/Jeffrey B. Klaus*
Jeffrey B. Klaus, #15104
851 Clarkson Street
Denver, Colorado 80218
303-837-1122 (phone)
303-832-6750 (facsimile)
jbk@deisch-marion.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17TH day of March 2017, a true and correct copy of the above and foregoing **RESPONSE TO EMERGENCY MOTION** were filed and/or served on the following by the means set forth below:

Penn A. Dodson
Alexander L. Gastman
Anderson Dodson, P.C.
11 Broadway, Suite 615
New York, New York 10004
Telephone: 212-961-9639
Facsimile: 646-998-8051
☐ fax ☐ mail ☐ delivery ☒ "e-service"

*/s/Jeffrey B. Klaus*
Jeffrey B. Klaus, #15104